**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GEMMA POWER SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WEST MEDWAY II, LLC f/k/a EXELON WEST MEDWAY II, LLC and EXELON GENERATION COMPANY, LLC<br><br>Defendants. | Case No. 1:19-cv-00705-MKV<br><br>DECLARATION OF ERIN FALLON IN SUPPORT OF PLAINTIFF GEMMA POWER SYSTEMS, LLC'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

I, Erin Fallon, declare as follows:

1. I am familiar with the above-captioned action, including all matters set forth in this Declaration. I am above the age of 18 years old and am competent to testify to the matters set forth herein based upon my own personal and expert knowledge. I submit this Declaration in support of Gemma Power Systems, LLC's (hereinafter, "Gemma's") Opposition to West Medway II, LLC f/k/a Exelon West Medway II, LLC (hereinafter, "Exelon West") and Exelon Generation Company, LLC's (hereinafter, "Exelon Generation's") Motion for Partial Summary Judgment as to Gemma and Matrix NAC, Gemma's Mechanical Subcontractor, delay claims.

2. I was retained as Gemma's delay and damages expert in the above captioned litigation. As such, I have interviewed Gemma and Matrix personnel that worked on the West Medway II Power Plant Facility located in Medway, Massachusetts (hereinafter, the "Project") and reviewed the respective contracts, schedules, correspondences, project related documents, documents produced in the litigation, and deposition transcripts of the expert and fact witnesses.

3. Mr. Pete Callahan, in his Declaration, and Exelon, in its Motion for Partial Summary Judgment, have mischaracterized my opinions and testimony to date. Further, Mr. Callahan and Exelon's use of my windows analysis as the basis for when notice and change order

requests were due is inappropriate.

4. I identified that the ongoing defective and deficient equipment supplied by the OEM impacted Gemma's Work in Window 2. OEM equipment deficiency impacts were numerous, continuous, and unforeseen. Gemma notified Exelon of the OEM equipment impacts as early as March 2018, in which it stated, "The cumulative effects of the [OEM] deficiencies have had a negative impact to the erection progress. The schedule impacts are under evaluation and will be formally communicated to the Owner when our analysis is complete." *See* Gemma's Statement of Additional Undisputed Material Facts, ¶544. Gemma continued to notify Exelon of the "OEM Default Change Event" as deficiencies continued to arise, or remained unresolved, throughout the duration of the Project. *Id.* at ¶499.

5. Due to the ongoing discovery of OEM equipment deficiencies, and the continuation of the "OEM Default Change Event," the OEM equipment supplier, GE, deployed a labor force ("APM") to repair equipment defects and deficiencies as they were discovered. APM, an unplanned workforce on the Project, mobilized to the Project site in May 2018 and remained on the Project through July 2019.

6. At the time Gemma submitted Change Order Request 50 the impacts associated with the equipment deficiencies and repairs were still ongoing throughout 2018 and the full impact could not be realized by Gemma. The ongoing impacts necessitated a revision to Change Order Request 50 on January 2, 2019, Change Order Request 50, Rev. A. However, on January 2, 2019, the impacts from the OEM defects were still continuing.

I declare under penalty of perjury under the laws of New York that the foregoing is true and correct to the best of my knowledge.

Dated and executed this 1st day of July 2021 at Pittsburgh, Pennsylvania.

Erin M. Fallon

Erin Fallon